### HALPERN v. BRAND.

(Supreme Court, Appellate Term, First Department. November 3, 1915.)

FRAUD ☞58—FALSITY OF REPRESENTATIONS—EVIDENCE.

In an action for fraudulent representation in the sale of a candy and cigar stand, evidence *held* not to show that a representation that the stand produced an income of $105 a week was false.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 55–59; Dec. Dig. ☞58.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Halpern against Louis Brand. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dismissed.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Horace London, of New York City, for appellant.

Nathaniel H. Kramer, of New York City (Maxwell M. Schenkel, of New York City, of counsel), for respondent.

PAGE, J. The action was to recover damages for false and fraudulent representation made by the defendant on the 14th day of May, 1914, whereby the plaintiff was induced to purchase a stand for the sale of candy, cigars, and cigarettes; the representation being, as alleged in the complaint, that the stand produced an income of $105 per week, and had such income for a long time prior thereto. As evidence of the false representation the plaintiff offered the bill of sale of the stand. The portion which is material to this case reads as follows:

"And also warrant and represent to the party of the second part that the gross income in said business and from said stand is not less than one hundred and five ($105.00) dollars per week; that is to say, that the income from May 15 to May 22, 1914, will be not less than $105."

The bill of sale was not drawn by the defendant, but by a notary public of the plaintiff's selection. The plaintiff and defendant both attended at the stand during the week from May 15, to May 22, 1914. The defendant received the money, and each night paid it over to the plaintiff, and took his receipt. The receipts for the week amounted to $109. Plaintiff claims that he took the money and put it in a pocketbook without counting it, except one night, when he counted it after he got home and found it $2.50 short. The only evidence as to the receipts from the stand prior to May 15th was given by the defendant, who testified from his book as to each week's receipts, and in no

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

week did the receipts fall below $105. The case was submitted to the jury on the theory that:

"In that bill of sale there is a clause whereby the defendant substantially states, substantially guarantees, that the gross income of the business derived from said stand is not less than $105 per week."

Whether we construe the bill of sale as warranting the receipts for the past, or as providing a test week, and "guaranteeing" that the income that week should be $105, the evidence does not show that in either view the warranty was false, but, on the contrary, true.

Judgment reversed, with $30 costs, and the complaint dismissed, with costs. All concur.